Mrs. Valtaree Boyd 3816 N. Olive North Little Rock, Arkansas 72116
Dear Mrs. Boyd:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) INCOME TAX AMENDMENT (Ballot Title) THE STATE OF ARKANSAS AND ITS POLITICAL SUBDIVISIONS ARE BARRED FROM COLLECTING AN INCOME TAX (FROM WHATEVER SOURCE) FROM INDIVIDUAL CITIZENS OF THE STATE OF ARKANSAS ON THE FIRST $25,000 OF INCOME (IN CASH, GOLD, SILVER, FEDERAL RESERVE NOTE) IN ANY CALENDAR YEAR. NO INDIVIDUAL IS REQUIRED TO FILE INFORMATION ABOUT SAID INCOME.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) INCOME AND SALES TAX AMENDMENT (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROHIBITING THE STATE OF ARKANSAS AND ITS POLITICAL SUBDIVISIONS FROM COLLECTING AN INCOME TAX OR ANY "DIRECT" TAX FROM ITS INDIVIDUAL CITIZENS ON THE FIRST $25,000 OF INCOME EARNED IN ANY CALENDAR YEAR; PROVIDING THAT THE $25,000 EXCLUSION WILL INCREASE $1000 EVERY FIFTH YEAR FROM PASSAGE OF THIS AMENDMENT; PROVIDING THAT NO INDIVIDUAL SHALL BE REQUIRED TO FILE INFORMATION ABOUT SUCH INCOME; PROVIDING THAT INCOME TAX NOT EXCEEDING 5% MAY BE APPLIED TO INCOME EARNED ABOVE $25,000; PROVIDING THAT THIS 5% TAX MAY BE INCREASED BY NO MORE THAN 1% IN ANY YEAR BY A 3/4 MAJORITY VOTE OF BOTH HOUSES OF THE GENERAL ASSEMBLY, NOT TO EXCEED 10% TOTAL; PROVIDING THAT NO EXEMPTIONS, DEDUCTIONS OR THE LIKE MAY BE APPLIED TO THIS TAX UNLESS THE PERCENTAGE REACHES 10%; PROHIBITING THE STATE FROM WITHHOLDING MONEYS FROM INDIVIDUALS WHOSE INCOME ALMOST CERTAINLY WILL BE LESS THAN $25,000; REQUIRING INDIVIDUALS WHO ARE REASONABLY CERTAIN THEIR INCOMES WILL EXCEED $25,000 TO PROVIDE FOR PAYMENT OF NOT LESS THAN 75% OF THE TAX DUE BY THE END OF THE CALENDAR YEAR IN WHICH EARNED AND THE BALANCE BY A DATE AND IN A MANNER AS DIRECTED BY THE GENERAL ASSEMBLY; PROVIDING THAT NO SALES OR SERVICE TAX MAY BE APPLIED AT A RATE EXCEEDING 10% PER ARTICLE OR SERVICE BY THE STATE OR ITS POLITICAL SUBDIVISIONS; PROVIDING THAT UPON ADOPTION OF THIS AMENDMENT THE STATE MAY BEGIN COLLECTION OF A 1% RETAIL SALES TAX EXCEPT ON: FOOD SOLD OTHER THAN IN RESTAURANTS, RESIDENTIAL SEWER AND GARBAGE SERVICES, RESIDENTIAL UTILITIES OF WATER, ELECTRICITY, AND GAS, AND MEDICAL SERVICES AND PRESCRIPTION AND NONPRESCRIPTION MEDICATIONS; REQUIRING THAT DOUBT AS TO WHETHER AN ITEM IS FOOD OR MEDICATION WILL BE RESOLVED IN FAVOR OF THE EXEMPTION; PROVIDING THAT NO PORTION OF THE RETAIL SALES TAX SHALL BE WITHHELD BY THE RETAILER OR COLLECTOR OF SAME; PROHIBITING THE LEGISLATURE FROM LEVYING ANY NEW FORM OF TAX TO REPLACE ANY FUNDS ELIMINATED BY THIS AMENDMENT EXCEPT AS PROVIDED BY PETITION OF THE VOTERS; MAKING THIS AMENDMENT EFFECTIVE JANUARY 1997; MAKING ITS PROVISIONS SEVERABLE AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh